IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENATO ACAIN, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00044 |
| | § | |
| INTERNATIONAL PLANT | § | |
| SERVICES, LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion for Remand [Doc. # 57] ("Motion"). Defendants filed an objection and response to the motion to remand [Doc. # 65] ("Response"), Plaintiffs filed a reply [Doc. # 75], and Defendants submitted a sur-reply [Doc. # 78]. Having carefully reviewed the full record and applied governing legal authorities, the Court **GRANTS** Plaintiffs' Motion for Remand, and **REMANDS** this case to the 113th District Court, Harris County, Texas.

### I.   BACKGROUND

This lawsuit arises out of an action originally filed in the 113th District Court of Harris County, Texas. Plaintiffs allege that Defendants conspired to fraudulently contract with skilled foreign labor from the Republic of the Philippines (the "Philippines") by falsely promising them steady employment at companies in the oil industry operating in the United States. Plaintiffs raise numerous state law claims:

human trafficking, breach of contract, fraud, unjust enrichment, conversion, violation of the Texas Theft Liability Act, breach of fiduciary duty, and conspiracy.

On December 30, 2011, while the case was pending in state court, Plaintiffs amended their petition [Doc. # 3, Ex. B] to add a claim under the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961. Pursuant to 18 U.S.C. § 1441, Defendants timely removed the action to federal court on January 6, 2011 [Doc. # 1]. This Court, upon removal, possessed federal question jurisdiction based on Plaintiffs' RICO claim, 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' Texas state law claims, 28 U.S.C. § 1367(a). *See Enochs v. Lamps Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011).

Defendants thereafter filed a Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. # 6] focusing on the RICO claim. At a hearing on March 19, 2012, the Court denied Defendants' motion without prejudice [Doc. # 47], and gave Plaintiffs leave to amend their complaint. On May 21, 2012, Plaintiffs filed a Second Amended Complaint [Doc. # 56] that did not contain any RICO or other federal claims. On May 29, 2012, Plaintiffs filed their Motion seeking remand to state court. Defendants thereafter filed two motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) [Doc. # 63] and 12(b)(6) [Doc. # 66]. Because the Court remands this case to state court, the Court does not reach these motions to dismiss.

## II.     LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377). "[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished. Instead, the decision as to whether to retain the pendent claims lies within the sound discretion of the district court." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

To determine whether to retain pendent state claims, this Court looks "to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lamps Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011) (citations omitted); *see also Brown*, 901 F.2d at 1254-55. Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has

original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." This Court also must consider "whether the plaintiff has 'attempted to manipulate the forum' in which the case will be heard 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case . . . .'" *Brown*, 901 F.2d at 1255; *see also Enochs*, 641 F.3d at 159.

### III.   ANALYSIS

The statutory factors governing whether to retain Plaintiffs' pendent state law claims favor remand in this case. First, Plaintiffs' claim under Texas Penal Code §§ 20A.02 and 20A.03 for trafficking of persons is a complex, novel state law claim. The Texas Supreme Court has not provided guidance on how to interpret and apply those provisions. *Enochs*, 641 F.3d at 159. No cases have discussed § 20A.03, and only two state cases, both unpublished, have analyzed § 20A.02. *See Ramos v. State*, No. 13-06-00646-CR, 2009 WL 3210924 (Tex. App.—Corpus Christi Oct. 8, 2009); *Buggs v. State*, Nos. 05-07X00676-CR, 05-07-00677-CR, 05-07-00749-CR, 2008 WL 541892 (Tex. App.—Dallas Aug. 20, 2008). Second, "Texas state law claims predominate over the non-existent federal claims . . . ." *Enochs*, 641 F.3d at 159. Third, although not dismissed by this Court, the only federal claim, the RICO claim,

has been voluntarily dismissed by Plaintiffs.

Turning to the common law factors, three of the four weigh in favor of remand. Judicial economy favors remand because a significant amount of judicial resources have not been expended in the Court's consideration of this case. In *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992), the Fifth Circuit held that judicial economy would not be served by trying the case in federal court even though "some substantial development" had occurred. 972 F.2d at 587. Although "a number of discovery matters had been presented to, and decided by, the magistrate judge," the case "had been pending for only nine months, not four years" and was not ready for trial. *Id.* Additionally, the Fifth Circuit noted that the case would require further development before trial because the plaintiff had recently filed a second amended complaint that made significant changes to the theories of recovery. Ultimately, "the trial court was not so intimately involved in, and familiar with, the case that proceeding further in federal court would have prevented redundancy and would have conserved substantial judicial resources." *Id.*

Similarly, this Court has not yet developed a "substantial" or "intimate" familiarity with Plaintiffs' Texas state law claims. The case has been pending in federal court less than a year, only limited discovery has occurred, and numerous extensions have been granted within that time. In addition, Plaintiffs' Second

Amended Complaint [Doc. # 56] filed on May 22, 2012 added various new state law claims. Specifically, Plaintiffs have added claims of violations of the Texas Human Trafficking statute, breach of fiduciary duty, and theft. Although the Court ruled on Defendants' first motion to dismiss, the motion to dismiss was filed at a very early stage of the litigation and "did not require a thorough consideration of the merits of the state [claims] . . . ." *Enochs*, 641 F.3d at 160. The only other hearing conducted by this Court was the initial scheduling conference. Although two subsequent motions to dismiss were filed about five weeks after the Motion was filed, neither has been addressed by this Court.

Next, remand would be fair to both parties. The Fifth Circuit has held that "it [is] certainly fair to have had the purely Texas state law claims heard in Texas state court." *Enochs*, 641 F.3d at 160. As in *Enochs*, "there is nothing to indicate that either party [will be] prejudiced by a remand to Texas state court." *Id.*

Further, the principles of comity and federalism weigh in favor of remand. "[T]he interests of comity and federalism are better served when federal courts avoid unnecessary determinations of state law." *Parker & Parsley*, 972 F.2d at 590 n.12. "The federal courts are courts of limited jurisdiction, and often are not as well equipped for determinations of state law as are state courts." *Id.* at 588-89 (citation omitted). This case is factually unusual and raises novel issues of state law that are

best addressed by the state courts. *See id.* at 589.

The final common law factor, convenience, is neutral. The state court is in the same county as this Court, making it an equally geographically convenient forum. Financial inconvenience will also be minimal. "Little [if any] new legal research would be necessary, as the surviving claims [are] governed by state law, in either forum, and any additional factual research would have had to be conducted anyway." *Parker & Parsley*, 972 F.2d at 587-88 (citation omitted); *see also Enochs*, 641 F.3d at 160.

Finally, this Court finds that Plaintiffs did not engage in forum manipulation; Plaintiffs dismissed their RICO claim in good faith after recognition of its complexity in light of Defendants' legal challenges in the motion to dismiss [Doc. ## 6, 8].[1]

Defendants argue that Plaintiffs' remaining claims are "inextricably intertwined with issues of international and federal law . . . .," Response, at 2, because the case was brought by citizens of the Philippines against citizens of the Philippines, Tunis, and the United States and because Philippine law may govern part or all of the dispute. The Court is unpersuaded. First, Defendants fail to identify which specific federal law is implicated by this case. Second, Texas state courts are capable of

---

[1] In any event, even if Plaintiffs had engaged in forum manipulation, "it was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand." *See Enochs*, 641 F.3d at 160.

determining whether Philippine law governs Plaintiffs' claims and dismissing the case if required. State courts have the authority to address whether foreign law applies to a dispute and to adjudicate disputes when non-citizens are parties. *See, e.g.*, *Nexen Inc. v. Gulf Interstate Engineering Co.*, 224 S.W.3d 412, 419-23 (Tex. App.—Houston [1st Dist.] 2006) (deciding whether Texas law or the law of Alberta, Canada applied); *Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 893, 896-900 (Tex. App.—Houston [14th Dist.] 2000) (deciding whether Texas law or the laws of Turkmenistan and Afghanistan applied). Defendants have offered no case law to the contrary. Ultimately, any federal interest in this dispute is outweighed by the interest of Texas courts in adjudicating Plaintiffs' Texas state law claims.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court declines to exercise its discretion to exercise jurisdiction to retain Plaintiffs' pendent state law claims. It is therefore

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 57] is **GRANTED** and this case will be **REMANDED** to the 113th Judicial District Court of Harris County, Texas. It is further

**ORDERED** that Defendants' Motion to Strike [Doc. # 78] is **DENIED.** It is further

**ORDERED** that the Court does not reach Defendants' Motions to Dismiss

[Doc. ## 63, 66] and they are carried with the case on remand.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **10th** day of **October, 2012**.

_____
Nancy F. Atlas
United States District Judge